## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| REBHY YOUSSIF ABDEL MALAK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:09-cv-00181-IPJ-JEO |
| | ) | |
| JANET NAPOLITANO, SECRETARY | ) | |
| OF THE DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### MEMORANDUM OPINION

The petitioner, Rebhy Youssif Abdel Malak, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Upon consideration, the court finds that the petition is due to be denied.

### BACKGROUND

The petitioner entered the United States as a non-immigration visitor on October 6, 1998. He was ordered removed by an Immigration Judge on August 6, 1999,[1] after he overstayed his admission period.  After entry of a deportation order in absentia, the petitioner filed an application for asylum.  It was denied.  The denial was appealed to the Board of Immigration Appeals ("BIA") in July 2002.  The BIA affirmed the immigration judge's decision on February 9, 2004.

The petitioner filed a motion to reopen his case with the BIA on January 9, 2007.  The petitioner was arrested by Immigration and Custom Enforcement ("ICE")Agents on November 28, 2007.  He was scheduled for deportation to Egypt on February 8, 2008, but was granted an emergency stay.  His motion to reopen his case was denied and the emergency stay was dissolved

---

[1] The petitioner asserts that the correct date is August 26, 1999.  (Doc. 1 at ¶ 13).  The difference is not material to disposition of this matter.

on March 31, 2008.  On April 4, 2008, the petitioner appealed the denial of his motion to reopen to the BIA.  The appeal was dismissed on June 6, 2008.  The Sixth Circuit Court of Appeals denied his petition for a stay on August 7, 2008.

On or about November 20, 2008, the petitioner was transported from the Etowah County Detention Center to the Atlanta ICE Office for processing.  On or about December 1, 2008, the petitioner alleges that he was refused an opportunity to contact counsel when officers requested that he sign certain documents and when they attempted to fingerprint him before his deportation.  He further states that his fingerprints were forcibly taken.  As a result of these actions, he states that he was "left alone in a cell, nauseated and dizzy." (Doc. 1 at ¶ 17).  According to the petitioner, he was then placed in a van with other detainees and transported to an Atlanta airport.  He states that, during the trip, he became sick and was refused medical attention.  As a consequence, he "vomited in the van along the way to the airport." *Id*. at ¶ 18.  When he arrived at the airport, the petitioner "collapsed" before reaching the airplane.  He was then returned to the Atlanta ICE office for transportation to the Etowah County Detention Center where he presently is incarcerated.

On December 18, 2008, the petitioner was served with a "Failure to Comply Letter" for refusing to board the aircraft.[2]  (Doc. 4-2 at ¶ 24).  As of March 2, 2009, "ICE is currently awaiting pending results from [headquarters] about [the] alleged incident (refusal to board aircraft) that occurred on 12/01/2008 before rescheduling the petitioner for removal." (Doc. 4-2 at ¶ 25).  The Embassy of Egypt remains willing to extend travel documents or to issue new documents for the petitioner pending disposition of this case. *Id*. at ¶ 26.

The petitioner has filed a complaint with ICE concerning the incidents in Atlanta

---

[2] The petitioner asserts that he was served with this notice on December 3, 2008. (Doc. 1 at ¶ 20).  The exact date is not dispositive of any relevant issue.

regarding his preparation for deportation.  As best this court can discern, his complaint is still pending.

**DISCUSSION**

The petitioner asserts herein that he is entitled to release because he has been unlawfully held in ICE detention beyond the period of time (six months) deemed appropriate by the United States Supreme Court in *Zavydas v. Davis*, 533 U.S. 678 (2001).  (Doc. 1 at ¶ 26).  In support of his contention, he asserts a violation of 8 U.S.C. § 1231(a)(6) for prolonged and indefinite post-final order detention (Claim One), a due process violation (Claim Two), and due process and cruel, inhuman and degrading treatment claims under 42 U.S.C. § 2000dd(a) for the assault and battery he sustained (Claim Three).  (Doc. 1).  He seeks, *inter alia*, an "immediate stay of removal" and his immediate release from custody.  (*Id*. at pp. 14-15).

The court issued an order requiring the respondents to appear and show cause why the relief requested should not be granted.  The respondents filed a response asserting that the petitioner is properly being detained pending removal.  In support thereof, they assert that "ICE has valid travel documents for Petitioner and had those documents on December 1, 2008, when Petitioner refused to board the aircraft . . . .  The Embassy of Egypt continues to be willing to extend the current travel document[s] or issue new travel documents for Petitioner's return travel to Egypt."  (Doc. 4 at p. 4).  They do not specifically address the petitioner's third claim concerning the purported assault and battery.

The petitioner was also afforded an opportunity to file a reply to the respondents' response.  (Doc. 3 at 2).  He has not done so.

To the extent that the petitioner asserts that he is entitled to relief because his deportation to Egypt is unforeseeable, the court disagrees.  As noted by the respondents, and supported in the record, travel documents have been issued and easily can be reissued for the petitioner.

3

Accordingly, the petitioner cannot demonstrate entitlement to relief under *Zadvydas* because he cannot show that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*., 533 U.S. at 701. Additionally, there is no evidence in the record to suggest that Egypt will refuse to accept the petitioner. Finally, the petitioner's conclusory statement that his "deportation to Egypt is unforeseeable," is insufficient to support his request for relief. (Doc. 1 at ¶ 22). Accordingly, the court finds that the petitioner's first two claims are without merit.

To the extent that the petitioner seeks relief from custody under 42 U.S.C. § 2000dd(a),[3] the court does not find that his allegations entitle him to the requested relief, that is, a stay of removal and immediate release on supervision. Accordingly, the court finds that the petitioner's third claim for relief from is without merit.

## CONCLUSION

Premised on the foregoing, the petition for a writ of habeas corpus is due to be denied. An appropriate order will be entered.

**DONE**, this 1st day of July 2009.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[3] 42 U.S.C. § 2000dd(a) provides that "No individual in the custody or under the physical control of the United States Government, regardless of nationality or physical location, shall be subject to cruel, inhuman, or degrading treatment or punishment."